UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>       v.<br><br>APPROXIMATELY $24,000.00 IN U.S. CURRENCY,<br><br>            Defendant. | 2:13-cv-02446-KJM-KJN<br><br>FINDINGS AND RECOMMENDATIONS |

   This case, commenced on November 25, 2013, is a civil action *in rem* to forfeit to the United States approximately $24,000.00 in U.S. currency allegedly involved in violations of federal drug laws. (ECF No. 1.) On January 2, 2014, Soukhanh Saengchanh filed a claim asserting an interest in the defendant property. (ECF No. 9.) However, on May 28, 2014, the district judge granted the United States' motion to strike that claim, because Saengchanh had failed to answer or otherwise respond to the United States' complaint within the permitted period. (ECF No. 15.) Subsequently, on May 30, 2014, the Clerk of Court entered Saengchanh's default. (ECF No. 19.) No other claims to the defendant property were filed.

   Presently pending before the court is the United States' motion for default judgment and final judgment of forfeiture, which was filed on July 1, 2014. (ECF No. 20.) That same day, the court issued a minute order requiring any opposition to the motion to be filed no later than July 22, 2014. (ECF No. 22.) The minute order was served on claimant Saengchanh at his address of record.

1

Although the deadline for filing an opposition has now passed, no opposition or other response to the motion was filed by Saengchanh or any other person.

After carefully considering the United States' motion, as well as the files and records of the court, THE COURT FINDS as follows:

1. This action arose out of a Verified Complaint for Forfeiture *In Rem* filed on or about November 25, 2013.

2. The United States has moved this Court, pursuant to Local Rule 540, for entry of default judgment of forfeiture against potential claimant Soukhanh Saengchanh.

3. The United States has shown that a complaint for forfeiture was filed; that potential claimant Soukhanh Saengchanh received notice of the forfeiture action; that any and all other unknown potential claimants have been served by publication; and that grounds exist for entry of a final judgment of forfeiture.

Therefore, IT IS RECOMMENDED that:

1. Soukhanh Saengchanh be held in default;

2. The United States' motion for default judgment and final judgment of forfeiture (ECF No. 20) be granted;

3. Judgment by default be entered against any right, title, or interest of potential claimant Soukhanh Saengchanh in the defendant currency referenced in the above caption;

4. A final judgment be entered, forfeiting all right, title, and interest in the defendant currency to the United States, to be disposed of according to law.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's

////

order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated:  July 25, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3